UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| CAPITAL ONE FINANCIAL CORPORATION, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CIVIL ACTION NO. 4:19-cv-2323 ) JURY DEMANDED ) |
| CAPITAL 1 FINANCE CONSULTANTS LLC, and TUAN V. LE | ) ) ) |
| Defendants. | ) ) ) |

**COMPLAINT**

Plaintiff Capital One Financial Corporation, by its undersigned attorneys, alleges as follows, upon actual knowledge with respect to itself and its own acts, and upon information and belief as to all other matters:

**NATURE OF THE ACTION**

1. This is an action for trademark infringement, trademark dilution, cybersquatting, false designation of origin, and unfair competition under the Lanham Act, 15 U.S.C. § 1051, *et seq*. and/or Texas statutory and common law. Capital One brings this action against Defendant Capital 1 Finance Consultants LLC and its Manager Tuan V. Le (individually and collectively "Defendants"), for their knowing violations of Capital One's longstanding rights in its widely recognized and famous CAPITAL ONE trademark. Specifically, Defendants offer, sell, and promote credit-score, loan, and insurance services under the CAPITAL 1 CONSULTANTS and CAPITAL 1 FINANCE CONSULTANTS name and marks, which infringe Capital One's established trademark rights, dilute the distinctive value of the famous CAPITAL ONE mark, and constitute cybersquatting and unfair competition.

## THE PARTIES

2. Capital One is a Delaware corporation with its principal place of business at 1680 Capital One Drive, McLean, Virginia 22102.

3. Defendant Capital 1 Finance Consultants LLC is a Texas limited liability company with a registered place of business at 21403 Biscayne Valley Lane, Katy, Texas 77449-3450.

4. Defendant Tuan V. Le is an individual with an address at 230 TC Jester Blvd, Suite 140, Houston, Texas 77007. Tuan V. Le also goes by the name John Le.

## JURISDICTION AND VENUE

5. This action arises under the federal Trademark Act, 15 U.S.C. § 1051, *et. seq.*, and under Texas statutory and common law. This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338(a) and (b). This Court also has diversity jurisdiction under 28 U.S.C. § 1332 because Capital One and Defendants reside in different states—namely Virginia and Texas, respectively—and the amount in controversy exceeds $75,000.00 exclusive of interest and costs. Pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction over Capital One's state law claims because those claims are substantially related to Capital One's federal Lanham Act claims.

6. This Court has personal jurisdiction over Defendants and venue is proper in the Southern District of Texas pursuant to 28 U.S.C. § 1391(b) and (c), because Capital One is being harmed in this District; Defendants are conducting business in this District; Defendants have registered their business as, and are using, the infringing/diluting CAPITAL 1 FINANCE CONSULTANTS mark and name in this District; and Defendants are located in this District.

**Capital One and its Famous CAPITAL ONE Trademark**

6.      Capital One is one of the largest and best known financial institutions in the United States.  Capital One is a diversified financial services company that offers a broad spectrum of financial products and services to consumers, small businesses, and commercial clients.  Capital One is a Fortune 500 company, trades on the New York Stock Exchange, and is included in the S&P 100 index.

7.      Capital One offers a range of financial services in connection with the CAPITAL ONE trademark (as well as other marks comprised of and containing CAPITAL ONE), including credit-card services (it is the third largest issuer of VISA and MASTERCARD credit cards in the United States); credit-monitoring services and providing consumers access to credit scores and credit alerts; financial coaching services; commercial banking and lending services; and various other banking services, such as savings accounts, checking accounts, certificates of deposit, and money market accounts, lines of credit, installment loans, and automobile financing.

8.      Capital One has spent billions of dollars over the years, and spends hundreds of millions of dollars annually, advertising, marketing, and promoting its CAPITAL ONE-branded services through a variety of national media, including television, radio, Internet, direct mail, and print advertisements.  From 2008 to 2017, Capital One spent more than $12.7 billion advertising and promoting the CAPITAL ONE name and mark, including more than $2.2 billion in 2018 alone.

9.      Capital One also promotes its name and marks through various high-profile sponsorships, including:  (1) a prominent collegiate football bowl, branded the CAPITAL ONE ORANGE BOWL; (2) the NCAA March Madness basketball tournament; (3) the CAPITAL ONE CUP award for the best collegiate athletics programs in the country; (4) as a Corporate

Champion of the NCAA; and (5) the iHeartRadio Music Festival and Jingle Ball concert tour.

10. Capital One owns the naming rights to Washington D.C.'s sports and entertainment venue (depicted below):



The CAPITAL ONE ARENA is home to the NBA's Washington Wizards, the NHL's Washington Capitals, the WNBA's Washington Mystics, and the NCAA's Georgetown Hoyas's Men's Basketball Team. The 20,000-seat arena averages 220 events a year and, in addition to sporting events, hosts world-class concerts, family shows, trade shows, and special events.

11. As a result of its tremendous success, Capital One has received extensive media coverage, including in widely circulated media, such as *Businessweek*, *Forbes*, *Investor's Business Daily*, *Fortune*, *Good Morning America*, *Business Insider*, *Fox News*, *The Talk*, *USA Today*, *Huffington Post*, *Buzzfeed*, *Washington Post*, *NY Times*, *CNN*, and *Yahoo! Finance*.

12. Over the years, Capital One has also received numerous corporate and business awards, including:

- *Business Week*'s "Top 50" performers in the S & P 500
- *Forbes* "America's Most Reputable Companies"
- *Fortune 500* list of America's largest companies
- *Fortune*'s "World's Most Admired Companies"

4

- *Fortune*'s "100 Best Companies to Work For List"
- *Credit Card Magazine*'s "Issuer of the Year"
- *US Banker*'s "Five Best of the Nation's Largest 100 Banking Companies"
- *Information Week 500* for innovation in IT
- *CIO 100* award for customer excellence and IT
- *Working Mother*'s 100 Best Companies

13. The CAPITAL ONE mark has become well-known and famous by virtue of extensive public exposure and the tremendous success of Capital One's products and services.

14. Capital One has obtained a number of federal trademark registrations comprised of and/or containing CAPITAL ONE, including but not limited to:

| Mark | Reg. No. | Services | Reg. Date |
|---|---|---|---|
| **Capital**One | 1,992,626 | Financial services, namely consumer and commercial banking; processing, funding, underwriting and administering annuities; financial card, debit card and credit card services, namely processing, underwriting, issuing, servicing and administering credit cards, chip cards, debit cards, corporate cards, and secured cards; electronic funds transfer provided through automated teller machines; investment consultation, namely financial and investment planning and consulting; consumer and commercial leasing financing; real estate financing, namely mortgage lending, home equity loans, and commercial equity financing. | 8/13/96 |
| CAPITAL ONE | 2,065,992 | Financial services, namely consumer banking, namely secured and unsecured consumer installment lending; real estate financing, namely mortgage lending; and home equity loans. | 5/27/97 |

| CAPITAL ONE | 2,065,991 | Credit card services, namely processing, underwriting, issuing, servicing and administering credit cards and secured cards. | 5/27/97 |
|---|---|---|---|
| CAPITALONE.COM | 2,075,171 | Providing financial information by means of a global communication network. | 7/1/97 |
| CAPITAL ONE | 3,442,400 | Banking and financial services, namely, credit card services; mortgage lending and home equity loans; farm equipment, automobiles and recreational vehicle financing; secured and unsecured installment loans; certificate of deposits, individual retirement accounts, money market, and checking accounts; investment brokerage including stocks, bonds and mutual funds; retirement planning; trust services; and management of mutual funds | 6/3/08 |
| [C¹ CAPITAL ONE LABS logo] | 4,310,382 | Banking and financial services | 3/26/13 |

Printouts of these registrations, taken from the U.S. Patent and Trademark Office's online database, are attached as Exhibit A. These registrations are all incontestable.

15. Capital One's rights in its CAPITAL ONE mark date back to at least as early as 1994 and long predate Defendants' corporate registration and use of CAPITAL 1 FINANCE CONSULTANTS and CAPITAL 1 CONSULTANTS.

14. The CAPITAL ONE mark has become famous by virtue of its extensive public exposure, tremendous success and public acceptance, inherent strength, and federal registration.

## DEFENDANTS' WRONGFUL ACTS

16. Defendants began using the CAPITAL 1 CONSULTANTS mark and name in mid-2017 for credit-score, credit-management, life-insurance, and commercial-loan services on their www.capital1consultants.com website, as shown below:



Printouts of the www.capital1consultants.com website from the Internet Archives website are attached as Exhibit B.

17. Defendant Le, who controls and directs Capital 1 Finance Consultants LLC, began promoting CAPITAL 1 CONSULTANT-branded services on his social-media pages in mid-2017, as shown below:








Printouts from Mr. Le's social-media pages are attached as Exhibit C.

16. On January 10, 2018, Defendant Capital 1 Finance Consultants filed Articles of Organization with the Texas Secretary of State's office, registering the business under the name "Capital 1 Finance Consultants, LLC." According to the Texas Secretary of State's corporate records, Defendant Mr. Tuan V. Le is the "Manager" of Capital 1 Finance Consultants. Printouts of these records from the Texas Secretary of State website and a corresponding Dun & Bradstreet report are attached as Exhibit D.

9

17.     In or around September 2018, Defendants registered the capital1financeconsultants.com domain name and relaunched the former www.capital1consultants.com website under the mark and name CAPITAL 1 FINANCE CONSULTANTS. The www.capital1financeconsultants.com website offers and promotes the same credit-score, credit-management, life-insurance, and commercial-loan services under the CAPITAL 1 FINANCE CONSULTANTS and CAPITAL 1 CONSULTANTS brands (individually and collectively the "CAPITAL 1 Marks"), as shown below:



Printouts of the www.capital1financeconsultants.com website are attached as Exhibit E.

16.     On January 10, 2019, Capital One sent a letter to Defendants demanding that they promptly cease any and all use of the CAPITAL 1 name and mark in any manner, transfer the capital1financeconsultants.com domain name to Capital One, and either withdraw the corporate registration or amend it to something that does not include CAPITAL ONE (or any similar term). A copy of the letter is attached as Exhibit F. The letter was sent to Defendants' address featured on the www.capital1financeconsultants.com website, namely 15840 FM. 529, Suite 245, Houston, Texas 77095.

17.     Defendants did not respond to this letter, so Capital One sent a follow-up letter on February 20, 2019 with the same demands. A copy of that letter is attached as Exhibit G.

18.     On March 4, 2019, Defendant Le sent a response refuting Capital One's claims

and refusing to comply with its demands.  A copy of that letter is attached as Exhibit H.

19. Around June 2019, Defendants began forwarding their capital1financeconsultants.com domain name to the new website http://bestficoscore.com/index.html, which still features the CAPITAL 1 Marks:



Printouts of the http://bestficoscore.com website are attached as Exhibit I.

20. Defendants are also using the CAPITAL 1 Marks on their social-media page:

11



A printout of Defendants' Instagram page at

https://www.instagram.com/capital1financeconsultations/ is attached as Exhibit J.

## INJURY TO CAPITAL ONE AND THE PUBLIC

21. Defendants' unauthorized use of the CAPITAL 1 Marks, and the capital1finance.com and capital1financeconsultants.com domain names, are likely to cause confusion, mistake, and deception as to the source or origin of Defendants, their business, and/or their commercial activities with Capital One.

22. Defendants' actions described above are likely to dilute the distinctiveness and value of Capital One's famous CAPITAL ONE mark.

23. Defendants' corporate registration of CAPITAL 1 FINANCE CONSULTANTS prevents Capital One from registering to do business under its virtually identical name combined with the generic phrase FINANCE CONSULTANTS, which naturally relates to its business.

24. Defendants' unauthorized use of the CAPITAL 1 Marks, and registration and use of the capital1finance.com and capital1financeconsultants.com domain names, has damaged and irreparably injured and, if permitted to continue, will further damage and irreparably injure

12

Capital One, the CAPITAL ONE mark, Capital One's reputation and goodwill associated with its mark, and the public's interest in being free from confusion, mistake, and deception.

25. Defendants knew, or should have known, that their unauthorized use of the CAPITAL 1 Marks and registration of the capital1finance.com and capital1financeconsultants.com domain names violate Capital One's rights in the CAPITAL ONE mark. As a result, Defendants acted knowingly, willfully, in reckless disregard of Capital One's rights, and in bad faith.

26. Capital One has no adequate remedy at law.

### FIRST CLAIM FOR RELIEF
### Federal Trademark Infringement Under
### Section 32(a) of the Lanham Act
### 15 U.S.C. § 1114(1)

27. Capital One repeats and realleges each and every allegation set forth in paragraphs 1 through 26 of this Complaint.

28. Without Capital One's consent, Defendants used and continue to use in commerce reproductions, copies, and colorable imitations of Capital One's registered CAPITAL ONE mark in connection with the offering, distribution, and advertising of services, which is likely to cause confusion, or to cause mistake, or to deceive, in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

### SECOND CLAIM FOR RELIEF
### Federal Trademark Infringement, False Designation
### of Origin, and Unfair Competition Under
### Section 43(a) of the Lanham Act,
### 15 U.S.C. § 1125(a)

29. Capital One repeats and realleges each and every allegation set forth in paragraphs 1 through 28 of this Complaint.

30. Defendants' actions described above are likely to cause confusion, mistake, or

deception as to the origin, sponsorship, or approval of Defendants, Defendants' services/goods, and/or Defendants' commercial activities by or with Capital One, and thus constitute trademark infringement, false designation of origin, and unfair competition in violation of Section 43(a)(1) of the Lanham Act, 15 U.S.C. § 1125(a)(1).

### THIRD CLAIM FOR RELIEF
### Trademark Dilution Under
### Section 43(c) of the Lanham Act
### 15 U.S.C. § 1125(c)

31. Capital One repeats and realleges each and every allegation set forth in paragraphs 1 through 30 of this Complaint.

32. Capital One's CAPITAL ONE mark is famous, as that term is used in 15 U.S.C. § 1125(c), and was famous before Defendants' corporate registration and use of the CAPITAL 1 Marks based on, among other things, the inherent distinctiveness and federal registration of the CAPITAL ONE mark and the extensive nationwide use, advertising, promotion, and recognition of that mark.

33. Defendants' actions described above, all occurring after Capital One's CAPITAL ONE mark became famous, are likely to dilute the distinctive quality of that mark in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

### FOURTH CLAIM FOR RELIEF
### Cybersquatting Under
### Section 43(d) of the Lanham Act,
### 15 U.S.C. § 1125(d)

34. Capital One repeats and realleges the allegation set forth in Paragraphs 1 through 33 of this Complaint.

35. Defendants caused to be registered, registered, and/or used the capital1consultants.com and capital1financeconsultants.com domain names with a bad-faith

intent to profit from Capital One's CAPITAL ONE mark.

36. Capital One's CAPITAL ONE mark was distinctive at the time Defendants cause to be registered, registered, and/or used the capital1consultants.com and capital1financeconsultants.com domain names.

37. Capital One's CAPITAL ONE mark was famous at the time Defendants cause to be registered, registered, and/or used the capital1consultants.com and capital1financeconsultants.com domain names.

38. The capital1consultants.com and capital1financeconsultants.com domain names are confusingly similar to Capital One's CAPITAL ONE mark.

39. The capital1consultants.com and capital1financeconsultants.com domain names are dilutive of Capital One's CAPITAL ONE mark.

40. Defendants' actions, as described above, violate Section 43(d) of the Lanham Act, 15 U.S.C. § 1125(d).

## FIFTH CLAIM FOR RELIEF
### Dilution Under
### Tex. Bus. & Com. Code § 16.103

41. Capital One repeats and realleges each and every allegation set forth in paragraphs 1 through 40 of this Complaint.

42. Capital One's CAPITAL ONE mark is distinctive, famous, and valid at common law.

43. Defendants' actions described above are likely to injure the business reputation of Capital One and/or dilute the distinctive quality of Capital One's CAPITAL ONE mark in violation of Tex. Bus. & Com. Code § 16.103.

44. Defendants' actions willfully intended to cause the dilution of the famous CAPITAL ONE mark.

### SIXTH CLAIM FOR RELIEF
### Trademark Infringement, Unfair Competition, and Misappropriation Under Texas Common Law

45. Capital One repeats and realleges each and every allegation set forth in paragraphs 1 through 44 of this Complaint.

46. Defendants' actions described above constitute common-law trademark infringement, unfair competition, and misappropriation of Capital One's CAPITAL ONE mark and goodwill under the common law of Texas.

### JURY DEMAND

47. Pursuant to Fed. R. Civ. P. 38, Capital One respectfully demands a trial by jury on all issues properly triable by a jury in this action.

### PRAYER FOR RELIEF

WHEREFORE, Capital One respectfully requests that this Court enter judgment in its favor on each and every claim for relief set forth above and award it relief, including but not limited to the following:

A. An Order declaring that Defendants' uses of the CAPITAL 1 Marks infringe and dilute Capital One's CAPITAL ONE mark and constitute unfair competition, as detailed above, and that Defendants knew of the CAPITAL ONE mark and/or acted in bad faith when it committed these wrongful acts;

B. An Order declaring that Defendants' registration and use of the capital1finance.com and capital1financeconsultants.com domain names constitute cybersquatting, as detailed above;

C. An Order enjoining Defendants, their officers, directors, employees, agents, subsidiaries, distributors, dealers, related companies, and all persons in active concert or participation with any of them:

1. From using, registering, or seeking to register any name, mark, trade name, company name, domain name, source identifier, or designation comprised of or containing CAPITAL ONE or CAPITAL 1 (including the CAPITAL 1 Marks) or any similar term(s) in any manner likely to cause confusion with Capital One's CAPITAL ONE mark, to dilute that mark, or to otherwise cause injury to Capital One and/or its reputation;

2. From representing, by any means whatsoever, directly or indirectly, that Defendants, their services /goods, and/or their activities originate from, are sponsored by, or are associated, affiliated, or connected with Capital One in any way; and

3. From assisting, aiding, abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs C(1) through (2) above;

D. An Order requiring Defendants, and/or the Texas Secretary of State, to cancel Defendants' corporate registration for Capital 1 Finance Consultants, LLC;

E. An Order requiring Defendants to immediately retract and destroy all products, packaging, signage, advertisements, promotional materials, stationary, forms, and/or materials and things that contain or bear the CAPITAL 1 Marks and names, or any other name, mark, trade name, company name, source identifier, or designation that contains or is confusingly similar to or dilutive of Capital One's CAPITAL ONE mark;

17

F.       An Order directing Defendants (and the relevant registrar) to transfer to Capital One the capital1finance.com and capital1financeconsultants.com domain names and all other domain names Defendants own or control that contain Capital One's CAPITAL ONE mark, CAPITAL 1, or any similar term(s) likely to cause confusion with Capital One's CAPITAL ONE mark or to dilute that mark;

G.       An Order directing that, within thirty (30) days after the entry of the injunction, Defendants file with this Court and serve on Capital One's attorneys a report in writing and under oath setting forth in detail the manner and form in which Defendants have complied with the injunction;

H.       An Order requiring Defendants to account for and pay to Capital One all profits arising from Defendants' unlawful acts, and increasing such profits, for payment to Capital One in accordance with 15 U.S.C. § 1117 and other applicable laws;

I.       An Order requiring Defendants to pay Capital One punitive damages in an amount to be determined due to the foregoing willful acts;

J.       An Order requiring Defendants to pay statutory damages under 15 U.S.C. § 1117(d), on election by Capital One, in an amount of one hundred thousand dollars per domain (totaling $200,000) for the registration and use of the capital1consultants.com and capital1financeconsultants.com domain names;

K.       Order requiring Defendants to pay Capital One damages, in an amount to be determined (but exceeding $75,000), caused by the foregoing acts, and trebling such damages in accordance with 15 U.S.C. § 1117, Tex. Bus. & Com. Code § 16.104, and other applicable laws;

L.       An Order requiring Defendants to pay Capital One all of its litigation expenses, including reasonable attorneys' fees and costs under 15 U.S.C. § 1117, Tex. Bus. & Com. Code

§ 16.104, Texas common law, and other applicable laws; and

    M.    Other relief as the Court may deem appropriate.

Dated: June 28, 2019          Respectfully submitted,

By: */s/ T. Christopher Trent*
    T. Christopher Trent
    Texas Bar No. 20209400
    Federal ID No. 14244
    JOHNSON, TRENT & TAYLOR, L.L.P.
    919 Milam Street, Suite 1500
    Houston, TX 77002
    (713) 860-0525 (phone)
    (713) 222-2226 (fax)
    Email: ctrent@johnsontrent.com

    Douglas A. Rettew (*Pro Hac Vice in Process*)
    Laura K. Johnson (*Pro Hac Vice in Process*)
    FINNEGAN, HENDERSON, FARABOW,
      GARRETT & DUNNER, L.L.P.
    901 New York Avenue N.W.
    Washington, D.C.  20001
    Tel: (202) 408-4000
    Fax: (202) 408-4400
    Email: doug.rettew@finnegan.com
    Email: Laura.Johnson@finnegan.com

**COUNSEL FOR PLAINTIFF**
**CAPITAL ONE FINANCIAL CORPORATION**